# Fischetti & Malgieri LLP

*Ronald P. Fischetti*
*Phyllis A. Malgieri*

www.fischettilaw.com

Attorneys at Law

January 7, 2025

565 Fifth Avenue
7th Floor
New York, NY 10017
212-593-7100 (Tel)

**VIA ECF**
Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Street
New York, New York 10007-1312

Application granted.

SO ORDERED.

/s/ Ronnie Abrams

Ronnie Abrams, U.S.D.J.
January 7, 2025

Re:   *United States v. Stiles*, 23 Cr 98 (RA)

Dear Judge Abrams:

As the Court is aware, James Andrew Stiles was sentenced on July 24, 2024, to a custodial sentence of three months followed by two years of supervised release with the first nine months to be served on home detention. Mr. Stiles has completed his term of imprisonment and is now on home detention since October 10, 2024, with good behavior and no violations, being supervised by the Probation Department in Charleston, South Carolina.

I apologize to burden Your Honor with this request, but the U.S. Probation Office for the U.S. District of South Carolina, where Mr. Stiles resides, requires approval from the sentencing District Court for any deviation from or amendment to the ordered Standard/Special Conditions of Supervision of Mr. Stiles's supervised release and home detention.

I am respectfully requesting that Mr. Stiles's current Special Conditions of supervised release be amended from "Home Detention" to "Curfew" for the remaining six months of his nine month home confinement until July 9, 2025. A curfew requiring Mr. Stiles to remain at home between the hours of 8:00 PM and 6:00 AM will still greatly restrict his freedom but will provide Mr. Stiles with scheduling flexibility to better support and take care of his family. Currently as part of his home detention location monitoring program, Mr. Stiles must submit schedule requests to his supervising officer three business days in advance for prior approval of any home leave.

As the Court is aware, Mr. Stiles and his wife had a baby in October, and his wife will be returning from maternity leave to her full-time job beginning on January 13, 2025. Mr. Stiles's wife works in the Quality Department at a hospital with unpredictable hours (e.g., she often has to work past 5:00 PM) and is given travel requirements with little advanced notice (e.g., she has

# FISCHETTI
## & MALGIERI LLP
Attorneys at Law

to travel to visit another hospital in another town within the state requiring a 6:00 AM departure from home). Mr. Stiles's newborn will be going to a daily daycare downtown while his 3-year-old daughter goes to a different daily preschool on the other side of town. Mr. Stiles and his wife will be constantly juggling their schedules based on their respective daily work demands to provide their children transportation to and from their respective childcare providers, as well as to and from their 3-year-old's other extracurricular activities (e.g., dance class, school supplementals, gymnastics, friends' birthday parties, etc.). It has become nearly impossible for Mr. Stiles to give a three-day advanced notice to his location monitoring supervisor in every instance when his wife needs to work late and Mr. Stiles needs to pick up one or both of his children from preschool/daycare. I believe a Curfew restriction will allow Mr. Stiles to better support his family with childcare transportation and household responsibilities (including running errands to the grocery store, pharmacy, dry cleaners, hardware store, etc.) with the scheduling ebb and flows of two working parents.

Additionally, Mr. Stiles is currently employed in the headhunting/recruiting services industry. Part of his job responsibilities include sales and business development activities which require him to meet face-to-face with prospects and clients around the state of South Carolina with meetings scheduled with less than two-days advanced notice. Mr. Stiles has had to abruptly cancel work meetings with prospects/clients on multiple occasions because he could not get his scheduling request approved timely by his location monitoring supervisor. I believe a Curfew restriction will allow Mr. Stiles to better execute his job responsibilities which will enable him to rebuild his career to better financially support his family and to more quickly pay back his debts to society.

US Probation Officer, Jenniann Benefield, has no objection and is supportive of this request. USPO Benefield's contact information is below:

> Jenniann Benefield
> U.S. Probation Officer
> Jenniann_benefield@scp.uscourts.gov
> 843-616-4307

Therefore, I respectfully request that Your Honor "So Order" this letter granting the relief sought by Mr. Stiles amending his current supervised release Special Conditions from Home Detention to an 8:00 PM to 6:00 AM Curfew until July 9, 2025.

Thank you for your courtesy with respect to this request.

Respectfully submitted,

*Phyllis A. Malgieri*

Phyllis A. Malgieri

cc:    All counsel